UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY A. DOTSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20 CV 310 RWS |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Ricky Dotson brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review of a final decision of the Commissioner. Because the Commissioner's final decision is supported by substantial evidence on the record as a whole, I will affirm the decision of the Commissioner.

## **Procedural History**

Plaintiff was born in 1972 and filed his application on June 22, 2017. (Tr. 149-54.) He alleges he became disabled beginning June 28, 2016, because of degenerative joint disease, arthritis, diabetes, a heart condition, high blood

pressure, swelling, comprehension problems, difficulty focusing, and sleep apnea. (Tr. 168.)

Plaintiff's application was initially denied on September 1, 2017. (Tr. 79-91.) After a hearing before an ALJ on May 1, 2019, the ALJ issued a decision denying benefits on May 1, 2019. (Tr. 10-22.) On January 24, 2020, the Appeals Council denied plaintiff's request for review. (Tr. 1-4.) The ALJ's decision is now the final decision of the Commissioner. 42 U.S.C. § 405(g).

In this action for judicial review, plaintiff contends that the ALJ applied the wrong standard to evaluate the opinion of his treating physician. Plaintiff also contends that the ALJ improperly failed to consider a supplemental opinion from his treating physician. He asks that I reverse the Commissioner's final decision and remand the matter for further evaluation. For the reasons that follow, I will affirm the Commissioner's decision.

**Medical Records and Other Evidence Before the ALJ**

With respect to the medical records and other evidence of record, I adopt plaintiff's recitation of facts (ECF #28-1) to the extent they are admitted by the Commissioner (ECF #33-1), as well as the additional facts submitted by the Commissioner (ECF #33-2) as they are not contested by plaintiff. Additional specific facts will be discussed as needed to address the parties' arguments.

## Discussion

A.  Legal Standard

To be eligible for disability insurance benefits under the Social Security Act, plaintiff must prove that she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If the claimant is working, disability benefits are denied. Next, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that

which significantly limits his ability to do basic work activities. If the claimant's impairment(s) is not severe, then he is not disabled. The Commissioner then determines whether claimant's impairment(s) meets or equals one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. If claimant's impairment(s) is equivalent to one of the listed impairments, she is conclusively disabled. At the fourth step, the Commissioner establishes whether the claimant can perform his past relevant work. If so, the claimant is not disabled. Finally, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy. If not, the claimant is declared disabled and becomes entitled to disability benefits.

I must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). Determining whether there is substantial evidence requires scrutinizing analysis. *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007).

I must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *McNamara v. Astrue*, 590

F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, I must affirm the Commissioner's decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara*, 590 F.3d at 610.

When evaluating evidence of pain or other subjective complaints, the ALJ is never free to ignore the subjective testimony of the claimant, even if it is uncorroborated by objective medical evidence. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may, however, disbelieve a claimant's subjective complaints when they are inconsistent with the record as a whole. *See e.g., Battles v. Sullivan*, 902 F.2d 657, 660 (8th Cir. 1990). In considering the subjective complaints, the ALJ is required to consider whether a claimant's subjective complaints are consistent with the medical evidence. *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (listing factors such as the claimant's daily activities, the duration, frequency, and intensity of the pain, precipitating and aggravating factors, dosage, effectiveness and side effects of medication, and functional restrictions).[1] When an ALJ gives good reasons for the findings, the

---

[1] This was once referred to as a credibility determination, but the agency has now eliminated use of the term "credibility" to clarify that subjective symptom evaluation is not an examination of an individual's character. However, the analysis remains largely the same, so the Court's use of

5

court will usually defer to the ALJ's finding. *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007). However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. *Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002).

B.  ALJ's Decision

In her written decision, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date of June 22, 2017. (Tr. 12.) The ALJ found that plaintiff had the following severe impairments: diabetes mellitus with neuropathy, degenerative disc disease, degenerative joint disease of the knees, morbid obesity, chronic obstructive pulmonary disease (COPD), congestive heart failure, and nonischemic cardiomyopathy. (Tr. 12.) The ALJ found plaintiff had the following non-severe impairments: hyperlipidemia, sleep apnea, hypertension, and shoulder osteoarthritis. (Tr. 16.) The ALJ determined that plaintiff's impairments or combination of impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.

---

the term credibility refers to the ALJ's evaluation of whether a claimant's "statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record." *See* SSR 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017); 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3); *Lawrence v. Saul*, 2020 WL 4375088, at *5, n.6 (8th Cir. Jul. 31, 2020) (noting that SSR 16-3p "largely changes terminology rather than the substantive analysis to be applied" when evaluating a claimant's subjective complaints).

(Tr. 16.) The ALJ found plaintiff to have the residual functional capacity (RFC) to perform sedentary work with the following limitations:

> [Claimant can] lift, carry, push, and pull 10 pounds occasionally, and less than 10 pounds frequently; is able to sit for 7 hours and stand and walk for 1 hour in an 8 hour day; can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; can occasionally stoop, kneel, crouch, and crawl; only occasionally operate foot controls; no operation of hazardous machinery, no exposure to unprotected heights; less than occasional exposure to extreme temperatures or vibration; limited to work having only simple instructions; an allowance for alternating sitting and standing, with standing 10 minutes every hour seated, all while remaining on task.

(Tr. 16-17.) The ALJ relied upon vocational expert testimony to support a conclusion that there were significant jobs in the economy of addresser, document preparer, and information clerk that plaintiff could perform. (Tr. 21.) The ALJ therefore found plaintiff not to be disabled. (Tr. 21.)

Plaintiff claims that this decision is not supported by substantial evidence because the ALJ used the wrong standards to evaluate the opinion of his treating physician. He also claims that the ALJ improperly refused to consider a supplemental opinion of his treating physician.

C.  Medical Opinion Evidence

Plaintiff argues that the ALJ applied the wrong standard to evaluate the opinion of John Mohart, M.D., his treating physician, when fashioning his RFC. RFC is defined as "what [the claimant] can still do" despite his "physical or mental

7

limitations." 20 C.F.R. § 404.1545(a). The ALJ must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)).

On February 11, 2019, Dr. Mohart completed a physician's assessment at plaintiff's request in support of his application for benefits. (Tr. 463.) Dr. Mohart indicated that plaintiff could sit or stand for 30 minutes at one time before needing to change positions, and that he could sit, stand, walk, and rest (reclined) for brief periods of less than 2 hours in an 8-hour working day. (Tr. 463-64.) He believed plaintiff would need to shift positions every 30-60 minutes and would need an unscheduled break to sit for 30 minutes every 2 hours before he could resume working. (Tr. 464.) He stated that plaintiff did not need to elevate his legs. (Tr. 464.) Dr. Mohart stated that plaintiff could frequently lift up to 10 pounds, occasionally lift up to 20 pounds, and rarely lift up to 50 pounds. (Tr. 464.) He could frequently interact with supervisors, co-workers, and the general public. (Tr. 464.) Dr. Mohart stated that plaintiff could only occasionally balance, stoop, crouch or squat, or kneel, although he also stated that he did not assess plaintiff functional limitations or how far plaintiff could walk without rest or pain. (Tr. 463, 465.) Dr. Mohart opined that plaintiff could occasionally use his upper

8

extremities. (Tr. 465.) He opined that plaintiff would have "bad days" caused by his medical condition which would result in unscheduled absences of more than 3 times per month and would result in plaintiff being off-task for 10 percent of an 8-hour working day. (Tr. 465.) Dr. Mohart claimed the earliest date that these limitations applied was May 11, 2018, almost two years after plaintiff's alleged onset date. (Tr. 465.)

> With respect to Dr. Mohart's assessment, the ALJ found as follows:
>
> Dr. Mohart's assessment is not persuasive as it is unsupported by his own treatment notes. There is no mention of the specific limitations in the notes, nor is there any mention of the claimant being unable to maintain a regular work schedule. Although Dr. Mohart is the treating physician, his opinion on this issue is not a medical opinion, but an opinion reserved to the Commissioner. Specifically, issues such as an individual's residual functional capacity, whether an individual is disabled, or unable to work, or, whether an impairment meets or is equivalent to a listing are reserved to the Commissioner. Treating source opinions on such issues are never entitled to controlling weight or special significance.

(Tr. 20.)

According to plaintiff, the ALJ should have given controlling weight to Dr. Mohart's opinion, or at least provided "good reasons" for not doing so, under 20 C.F.R. § 404.1527. This is sometimes known as the Treating Physician Rule. However, on January 18, 2017, the Commissioner published final rules, *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)),

9

which repealed the Treating Physician Rule for claims filed after March 27, 2017. Because plaintiff did not file his claim until June 22, 2017, the new rules govern his claim and the Treating Physician Rule does not apply. Therefore, plaintiff's argument that remand is required for failure to follow the Treating Physician Rule and apply the old regulations when evaluating Dr. Mohart's opinion is denied.

Here, the ALJ properly applied the new applicable regulations to evaluate Dr. Mohart's opinion.[2] In accordance with the new regulations, the ALJ properly refused to grant controlling weight or special significance to Dr. Mohart's opinion. *See* 20 C.F.R. § 416.920c(a) (2017) (when evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources."). Contrary to plaintiff's argument, the ALJ did not err by stating that Dr. Mohart's opinion that plaintiff "was unable to maintain a regular work schedule" was not a medical opinion[3] and was not entitled to controlling weight or special significance.

---

[2] The regulations no longer use the term "treating source" and instead refer to "your medical source(s)" to refer to a claimant's medical providers. *See* 20 C.F.R. § 416.920c (2017).

[3] A medical opinion is now defined by the regulations as follows:

[A] statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .

10

*See* 20 C.F.R. § 416.920b(c)(1)-(3) (2017) (statements on issues reserved to the Commissioner, such as statements that a claimant is or is not disabled, are deemed evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled."). Rather, this was a proper application of the regulations governing plaintiff's claim, and it is entitled to deference.

Instead, the ALJ properly focused on the persuasiveness of Dr. Mohart's medical opinion by discussing its supportability and consistency, the two most important factors required by the new regulations. *See* 20 C.F.R. § 416.920c(a)-(c) (2017) (in evaluating persuasiveness, ALJ should consider supportability, consistency, relationship with the claimant -- which includes length of the treatment relationship, frequency of examinations, examining relationship, purpose of the treatment relationship, and the extent of the treatment relationship,

---

(i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);

(ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;

(iii) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and

(iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 416.913(a)(2) (2017). Dr. Mohart's statement regarding plaintiff's ability to maintain a regular work schedule does not fall within the regulation's definition of "medical opinion."

specialization, and other factors); 20 C.F.R. § 416.920c(b)(2) (2017) (the ALJ was required to explain how she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion). In this case, the ALJ determined that Dr. Mohart's opinion was not persuasive because it was not supported by his treatment notes and many of his findings were inconsistent with the other medical evidence of record. (Tr. 20.) Moreover, the ALJ incorporated into plaintiff's RFC those limitations noted by Dr. Mohart which were consistent with the medical evidence as a whole.

Although plaintiff believes that the ALJ should have assessed Dr. Mohart's opinion differently to support greater limitations, it is not my role to reweigh the medical evidence of plaintiff's limitations considered by the ALJ in her determination of plaintiff's RFC. *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016). It is the duty of the ALJ to weigh conflicting evidence and to resolve disagreements among medical opinions. *Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014). Here, the ALJ did not substantially err when she found Dr. Mohart's opinion not persuasive and instead found the medical source statements from the state agency reviewer and consultative examiner persuasive as consistent with, and supported by, the evidence as a whole. (Tr. 19.) Such a determination does not constitute reversible error as the new regulations permit the ALJ to consider this

evidence as appropriate, as she is no longer obligated to follow the Treating Physician Rule or otherwise provide "good reasons" for failing to do so. 20 C.F.R. § 416.920a(b)(1) (2017).

The ALJ evaluated all of the medical evidence of record and adequately explained her reasons for the weight given this evidence in a manner consistent with the new regulations. Substantial evidence in the record as a whole supports the ALJ's RFC determination, so I will affirm the decision of the Commissioner as within a "reasonable zone of choice." *Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017) (citing *Owen v. Astrue*, 551 F.3d 792, 798 (8th Cir. 2008)).

D. Consideration of Additional Evidence

Plaintiff argues that remand is required because the ALJ refused to consider additional evidence from Dr. Mohart. That additional evidence was submitted by plaintiff's counsel after the hearing and consisted of Dr. Mohart's statement that he "recommend[s] [plaintiff] have breaks every 2 hours for 30 minutes to elevate his lower extremities." (Tr. 27.) The ALJ refused to consider the evidence as he failed to conform to the requirements of 20 C.F.R. § 416.1435(a), which requires a claimant inform the ALJ about additional written evidence to be considered at the hearing no later than five business days before the scheduled hearing date. Although subsection (b) of the regulation permits the ALJ to accept the evidence even if the deadline has passed if an action of the SSA misled the claimant, the

claimant had a limitation that prevented him from timely submitting the evidence, or if some other circumstance beyond the claimant's control prevented timely submission, the ALJ concluded that plaintiff had not met any of the requirements of subsection (b) and therefore refused to consider Dr. Mohart's supplemental opinion. (Tr. 10.) Plaintiff contends that the ALJ's refusal to consider Dr. Mohart's supplemental opinion violated her duty to develop the record and that the ALJ received this evidence "prior to the 5-day rule coming into effect."

Plaintiff's argument that the 5-day rule was not in effect when the evidence was submitted to the ALJ in March of 2019 is incorrect. As explained in Social Security Ruling 17-4P, "[the SSA] adopted the 5-day requirement in December 2016 and implemented it in May 2017 to address unprecedented workload challenges." SSR 17-4p, 2017 WL 4736894, at *1-*2 (Oct. 14, 2017); *see also* 81 FR 90987-01, 2016 WL 7242991, at *1 (Dec. 16, 2016) (noting that regulation was effective beginning January 17, 2017 and that compliance with the 5-day rule was required beginning May 1, 2017). The 5-day requirement went into effect before plaintiff even filed his applications for benefits and remained in effect nearly two years later when plaintiff had his hearing before the ALJ and thereafter submitted Dr. Mohart's supplemental opinion. Plaintiff does not argue that he met the requirements for submission of late evidence under 20 C.F.R. § 416.1435(b), and there is no evidence in the record to support such a finding.

14

Plaintiff was represented by counsel at the hearing and specifically told the ALJ when asked if "all the documents are in, are we waiting for anything," that "we are not waiting for anything, and we believe the record will be complete." (Tr. 32.) Under these circumstances, the ALJ did not substantially err in refusing to admit Dr. Mohart's supplemental opinion.

Finally, remand is not required because the ALJ's decision to apply the 5-day requirement and exclude Dr. Mohart's supplemental opinion would amount to, at most, harmless error as there is no indication that his barebones recommendation regarding elevation of plaintiff's legs would have been considered a persuasive medical source statement which altered the ALJ's decision even if admitted. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (error is harmless if there is no indication that the ALJ would have decided differently had the error not occurred).[4] Dr. Mohart's supplemental opinion, dated March 14, 2019, contradicts his prior opinion dated February 11, 2019 that plaintiff's legs would not need to be elevated after prolonged sitting. (Tr. 464.) Dr. Mohart offers no explanation for this change in opinion during the intervening month, and there is nothing in his treatment notes to support his

---

[4] As this evidence was part of the administrative record when it was submitted to the Appeals Council for review, this Court considers it as part of the substantial evidence question. *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

15

changed opinion, either. On June 8, 2018, Dr. Mohart observed no edema or clubbing in extremities. (Tr. 382.) On September 7, 2018, plaintiff stated he was compliant with medications and that his edema was much better. (Tr. 394.) He denied any increased edema. (Tr. 394.) He reported no change or increased edema on his next visit on October 19, 2018. (Tr. 409.) In addition, this opinion is not consistent with the other substantial medical evidence of record, which demonstrates that plaintiff's edema was mild and "drastically improved" by plaintiff's use of prescription medication. (Tr. 436.) "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). Because substantial evidence on the record as a whole supports the ALJ's RFC determination, the decision of the Commissioner must be affirmed.

## Conclusion

When reviewing an adverse decision by the Commissioner, the Court's task is to determine whether the decision is supported by substantial evidence on the record as a whole. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). "Substantial evidence is defined to include such relevant evidence as a reasonable mind would find adequate to support the Commissioner's conclusion." *Id.* Where substantial evidence supports the Commissioner's decision, this Court may not reverse the decision merely because substantial evidence exists in the record that would have

supported a contrary outcome or because another court could have decided the case differently. *Id.*; *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016); *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

For the reasons set out above, a reasonable mind can find the evidence of record sufficient to support the ALJ's determination that plaintiff was not disabled. Because substantial evidence on the record as a whole supports the ALJ's decision, it must be affirmed. *Davis,* 239 F.3d at 966.

Accordingly,

**IT IS HEREBY ORDERED** that that the decision of the Commissioner is affirmed, and Ricky Dotson's complaint is dismissed with prejudice.

A separate Judgment is entered herewith.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2021.